FIRST NATIONAL BANK, FAIRMONT, NORTH DAKOTA, Appellant, v. LEVERSEE, Administrator, Respondent.

INDEPENDENT HOME OIL COMPANY, Appellant, v. LEVERSEE, Administrator, Respondent.

(190 N. W. 1013.)

(File Nos. 5127, 5128. Opinion filed December 12, 1922.)

**Limitation of Actions—Residence—Whether Defendant's Decedent Established Residence Without State Held for Jury.**

Whether defendant administrator's decedent established a residence without the state, and thereby tolled the statute, or whether he remained a resident and merely established a separate home without the state for his wife, held for the jury.

Appeal from Circuit Court, Roberts County; Hon. Frank Anderson and Hon. B. A. Walton, Judges.

Separate actions tried together by the First National Bank of Fairmont, N. D., and the Independent Home Oil Company against M. A. Leversee, administrator, etc. From judgment for defendant and denial of plaintiff's motion for new trial in each action, plaintiff in each action appeals. Judgment and order in each action affirmed.

*Batterton & Bunde,* of Sisseton, and *Chas. E. Houston,* of Wheaton, Minn., for Appellants.

*Howard Babcock,* of Sisseton, for Respondent.

POLLEY, J. The defendant in these actions is the administrator of the estate of J. A. Towne, deceased. The actions are based upon promissory notes executed by the decedent during his lifetime, and it is conceded that more than six years elapsed between the maturity of the notes and the decedent's death. Both

actions were submitted to the jury on the same evidence, and both appeals will be disposed of in this opinion.

Defendant pleaded the statute of limitations as a defense in both actions. The plaintiffs claim that for a period of about 17 months after the maturity of the notes the decedent lived in the state of North Dakota, that with this period of time deducted from the period between the maturity of the notes and the death of the decedent less than six years elapsed between the maturity of the notes and the decedent's death, and that therefore the statute does not bar a recovery. The cases were submitted to the jury upon this issue, and the jury found in favor of the defendant. Judgments were entered accordingly, and the plaintiffs appeal.

It appears from the evidence that at and for many years prior to the execution of the notes, the decedent had resided with his family on a large farm owned by himself in Roberts county, S. D. His widow testified at the trial that in the latter part of the year 1914 she and decedent removed from said farm to Fairmont, N. D., where they established a residence and made their home until the early part of the year 1916. She testified:

"We had no other place of residence; that was our home, and neither of us had any other place we called home."

This testimony was corroborated by other testimony to the effect that the decedent did establish his wife in a home in Fairmont, and that he lived there with her at least a portion of the time. If this testimony is true, the residence in North Dakota tolled the statute and verdict should have been for the plaintiff in both cases. On the other hand, decedent's son testified that decedent continued to reside on the farm in Roberts county and that he always called the farm his home. This testimony is corroborated by other competent evidence, and if this evidence is true, the decedent never changed his residence from South Dakota, and the verdicts were properly for the defendant. Which of the witnesses were telling the truth was a question solely for the jury. In denying the motions for new trials, the trial judge, who heard and denied the motions, stated his reasons for denying the same as follows:

"That, in view of all the evidence, it is possible that the jury may have concluded that the intestate, Alfred J. A. Towne, was maintaining a separate home in Fairmont, N. D., for his wife,

and that it was never his intention to make his home elsewhere than on the farm place, in Roberts county, S. D., during the time that plaintiff claims that the statute of limitations was tolled by his removing from South Dakota to North Dakota and subsequent residence in the latter state."

This conclusion is warranted by the record and there was no error in denying the motions.

The judgments and orders appealed from are affirmed.

ANDERSON, J., not sitting.

Note—Reported in 190 N. W. 1013.   See American Key-Numbered Digest, Limitation of Actions, Key-No. 199(1), 25 Cyc. 1434.